UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY LIEBERG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RED ROBIN GOURMET BURGERS, INC.,<br><br>    Defendant. | C15-1242-TSZ<br><br>ORDER |

THIS MATTER comes before the Court upon defendant's Motion for a Protective Order, docket no. 14, to limit plaintiffs' pre-class certification discovery. For the reasons below, the motion is GRANTED IN PART and DENIED IN PART.

*Background*

Plaintiffs Gary Lieberg and Brent King are residents of the state of Washington who rely upon wheelchairs for mobility. They bring suit against defendant Red Robin Gourmet Burgers, Inc. ("Red Robin"), which operates more than 500 restaurants in the United States and Canada. Plaintiffs bring suit on their own behalf and "on behalf of all wheelchair users who have attempted, or will attempt, to utilize the parking facilities at locations for which Defendant owns and/or controls the parking facilities." Compl.,

ORDER - 1

docket no. 1, ¶ 37.  Plaintiffs allege that the parking facilities at defendant's stores are not in compliance with Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.  Plaintiffs' Complaint cites eleven stores located in Washington and Oregon.

This motion concerns pre-certification discovery in the form of interrogatories and requests for production ("Discovery Requests") plaintiffs propounded upon defendant.  These Discovery Requests seek broad information and documents from all of defendant's stores.  For example, Interrogatory No. 7 states:

> If you contend that the Defendant's parking lots and/or paths of travel from the parking lots to the Defendant's facilities have been in compliance with ADA at any time on or after August 6, 2013 through the date that you respond to these interrogatories please provide the basis for such contention and identify by address the specific locations with compliant parking lots and/or paths of travel.

Pullman Decl., docket no. 16, Ex. A (Pls.' First Set of Interr. ¶ 7).  Defendant now moves for a protective order limiting discovery to the specific restaurants named in the Complaint.

*Analysis*

"District courts have broad discretion to control the class certification process, and [w]hether or not discovery will be permitted … lies within the sound discretion of the trial court."  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).  Plaintiff must "either make a prima facie showing that the Rule 23 class action requirements are satisfied, or to show that discovery is likely to produce substantiation of the class allegations."  *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 622 (N.D. Cal.

ORDER - 2

2013) (quoting *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)).  In its discretion, a court may elect to "limit such discovery to class certification issues." *Armstrong v. Davis*, 275 F.3d 849, 873 n.28 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

The Court determines whether plaintiffs can establish a prime facie showing of the Rule 23 requirements by reference to the claims underlying the lawsuit.  *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011).  Plaintiffs allege that defendant has violated the Title III of the ADA because the parking lots serving the restaurants contain "architectural barriers" that impede access for some guests.  *See* 42 U.S.C. § 12183(b)(2)(A)(iv).  To that end, plaintiffs' class description encompasses "all wheelchair users who have attempted, or will attempt, to utilize the parking facilities at locations *for which Defendant owns and/or controls the parking facilities*."  Compl., docket no. 1, ¶ 37 (emphasis added).  The Court concludes that the Discovery Requests exceed the appropriate breadth of pre-class certification for the class they have a reasonable likelihood of having certified.

The ADA only obligates individuals who have some measure of control over the disputed public accommodation.  *See* 42 U.S.C. § 12182(a).  Thus, plaintiffs' putative class will only cover parking facilities which are owned, leased (or leased to) or operated by defendant as a place of public accommodation.[1]  *Id.*  However, plaintiffs' Discovery

---

[1] For purposes of the ADA, "operate" means "'to put or keep in operation,' 'to control or direct the functioning of,' or 'to conduct the affairs of; manage.'"  *Pickern v. Pier 1*

ORDER - 3

Requests seek information broader than the proposed class.  The Discovery Requests seek responses on the ADA compliance of all defendant restaurants' parking facilities, regardless of the level of control exercised.  However, Red Robin "rarely, if ever, has a role in designing, constructing, or maintaining the 'common areas' that are adjacent to its restaurants, including parking facilities, curbs, sidewalks, and exterior entries."  Lowery Decl., docket no. 15, ¶ 4.  Further, its leases commonly reserve control and responsibility over common areas, including parking, to the property landlord.  *Id.* ¶ 4.  Red Robin only owns the real estate for 32 company-owned restaurants.  *Id.* ¶ 4.

Plaintiffs will have difficulty certifying a class encompassing all of defendant's company-owned restaurants without regard to the level of control exercised over the parking facilities.  *See Castaneda v. Burger King Corp.*, 264 F.R.D. 557 (N.D. Cal. 2009) (denying certification for a class encompassing every store location in California and instead certifying a class for each store).

The proper scope of discovery at this pre-certification stage is to permit plaintiffs to intelligently craft their class and learn information so as to meet the requirements of Rule 23.  *See Vinole*, 571 F.3d at 942 ("[O]ften the pleadings alone will not resolve the question of class certification and some discovery will be warranted.").

---

*Imports (U.S.), Inc.*, 457 F.3d 963, 966 (9th Cir. 2006) (quoting *Lentini v. Cal. Ctr. For the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004)).

ORDER - 4

*Conclusion*

Defendant's motion, docket no. 14, is GRANTED IN PART and DENIED IN PART as follows.  Defendant shall respond to the Discovery Requests as follows:

(1) Identify all Red Robin restaurants in the United States and describe and produce information as to the level of control exercised on their accompanying parking facilities.

(2) Identify and produce all policies and procedures with respect to ADA compliance and disability access in parking lots for all Red Robin restaurants in the United States; and

(3) Except as provided in paragraphs 1-2, the scope of plaintiffs' discovery requests shall be limited to the 11 restaurants identified in the Complaint and any other of the defendant's 32 company-owned restaurants in the United States.

IT IS SO ORDERED.

Dated this 20th day of April, 2016.

Thomas S. Zilly
United States District Judge